**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Corey Darnell Edwards, | No. CV-14-01676-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Mesa Municipal Court, et al., | |
| Defendants. | |

Defendant City of Mesa has filed a motion for a more definite statement. Doc. 4. The Court will grant the motion. Defendants Maricopa County Sheriff's Office ("MCSO") and Sheriff Arpaio have filed a motion to dismiss. Doc. 5. The Court will grant the motion. Plaintiff has filed two motions for judgment and for a court date (Docs. 9, 10), which the Court will deny as moot.

**I.    Background.**

Plaintiff filed a pro se complaint on June 12, 2014, in Maricopa County Superior Court against Mesa Municipal Court, Chandler Police, Mesa Police, MCSO, and Sheriff Arpaio. Doc. 1-1 at 5. Plaintiff alleges false imprisonment and civil rights violations. Doc. 1-1 at 3. The complaint does not specify any legal authority for the claims, but the Court construes the false imprisonment claim as a state law claim and the civil rights claim as a 42 U.S.C. § 1983 claim. Defendants MCSO and Sheriff Arpaio removed the case to this Court on July 25, 2014. Doc. 1.

/ / /

**II.     Motion for a More Definite Statement.**

Defendant City of Mesa moves for a more definite statement. Doc. 4. Under Rule 12(e), if a complaint is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the defendant may move for an order requiring a more definite statement by pointing out the defects complained of and the details desired. *Bautista v. Cnty. of L.A.*, 216 F.3d 837, 843, n. 1 (9th Cir. 2000). The City's motion identifies the complaint's defects and the details desired. Plaintiff's complaint fails to allege whether each legal claim applies to each defendant. Plaintiff vaguely states that his "civil rights have been taken in every way," and lists various arrests and run-ins with Mesa Municipal Court, Mesa Police Department, Chandler Police Department, MCSO, and Sheriff Arpaio. Doc. 1-1 at 3.

In light of the City's motion and the clear deficiencies in Plaintiff's complaint, the Court will require Plaintiff to file an amended complaint. Plaintiff's response to the motion describes the events leading to his claims (Doc. 7), but these factual allegations should be included in the amended complaint. Plaintiff's response also continues to allege vague, abstract claims such as "they have made up false document [sic] and stripped me of my ciliv [sic] rights," without specifying to which Defendant the Plaintiff refers or the nature of the legal claim asserted. Doc. 7 at 3. In drafting the amended complaint, Plaintiff should follow the guidance provided in Sections III.B and IV of this order. Plaintiff shall have until December 22, 2014 to file a first amended complaint.

**III.    Motion to Dismiss.**

    **A.      State Law Claims.**

Defendants MCSO and Sheriff Arpaio (the "County Defendants") have filed a motion to dismiss. Doc. 5. Plaintiff has failed to respond and the time for responding has now expired. *See* LRCiv 7.2(c).

The County Defendants assert that Plaintiff's state law claims are barred by the notice of claim requirements in A.R.S. § 12-821.01. Doc. 5 at 1. Plaintiff has not responded to the County Defendants' assertion that no notice of claim was served.

Section 12-821.01 provides:

> Persons who have claims against a public entity or a public employee shall file claims with the person or persons authorized to accept service for the public entity or public employee as set forth in the Arizona rules of civil procedure within one hundred eighty days after the cause of action accrues. The claim shall contain facts sufficient to permit the public entity or public employee to understand the basis on which liability is claimed. The claim shall also contain a specific amount for which the claim can be settled and the facts supporting that amount. Any claim which is not filed within one hundred eighty days after the cause of action accrues is barred and no action may be maintained thereon.

A.R.S. § 12-821.01(A). Because Plaintiff has not disputed that he failed to serve a notice of claim on the County Defendants, the Court will grant their motion to dismiss the state law claims.

**B.     Civil Rights Claim.**

Plaintiff sues the MCSO. In civil rights claims under § 1983, however, MCSO is not a proper defendant. The responsibility for operating jails and caring for prisoners is placed by law upon the Sheriff and the County. *See* A.R.S. §§ 11-251(8), 11-291(A), 11-441(A)(5), 31-101. MCSO is simply an administrative creation of the Sheriff to allow him to carry out his statutory duties; it is not a "person" amenable to suit pursuant to § 1983. *See e.g.*, *Petaway v. City of New Haven Police Dep't*, 541 F. Supp.2d 504 (D. Conn. 2008); *Pahle v. Colebrookdale Tp.*, 227 F. Supp.2d 361 (E.D. Pa. 2002). Accordingly, MCSO will be dismissed as a Defendant.

Plaintiff also sues Sheriff Arpaio. To state a claim against a particular individual Defendant, a "plaintiff must allege facts, not simply conclusions, that show that [the] individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). For an individual to be liable in his official capacity, a plaintiff must allege that the official acted as a result of a policy, practice, or custom. *See Cortez v. County of Los Angeles*, 294 F.3d 1186, 1188 (9th Cir. 2001). In addition, there is no *respondeat superior* liability under § 1983, so a

defendant's position as the supervisor of someone who allegedly violated a plaintiff's constitutional rights does not make him liable. *Monell*, 436 U.S. at 691; *Taylor*, 880 F.2d at 1045. A supervisor in his individual capacity "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor*, 880 F.2d at 1045.

Plaintiff fails to allege any facts against the Sheriff. He does not allege facts to show that the Sherriff directly violated his constitutional rights. Plaintiff also fails to allege facts to show that the Sheriff promulgated or endorsed a policy, practice, or custom that resulted in a violation of his constitutional rights. Accordingly, Plaintiff fails to state a claim against the Sheriff.

**IV.     Amendment of the Complaint.**

"A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (quoting *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (per curiam)); *accord Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987). Furthermore, before dismissing a pro se civil rights complaint, the district court must give the plaintiff a statement of the complaint's deficiencies. *Eldridge*, 832 F.2d at 1136; *Noll*, 809 F.2d at 1448-49. "Without the benefit of a statement of deficiencies, the pro se litigant will likely repeat previous errors." *Noll*, 809 F.2d at 1448.

Because Plaintiff failed to provide a notice of claim to the County Defendants, and that defect cannot be cured by amendment, the state law claims against the County Defendants are dismissed with prejudice. Because MCSO is not subject to suit under § 1983, any § 1983 claims against it are also dismissed with prejudice.

For purposes of the amended complaint in general, Plaintiff is directed to Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is

entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a).  These pleading requirements shall be set forth in separate and discrete paragraphs.  The paragraphs must be numbered in consecutive order.  Each paragraph must be "simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).

To survive dismissal under Rule 12(b)(6), the amended complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007)).  "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully," demanding instead sufficient factual allegations to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id*.  The amended complaint must give the Defendant "fair notice of what [Plaintiff's] claim is and the grounds upon which it is based." *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005).  This includes some factual basis for the claim and the specific legal theory supporting the claim.  The amended complaint should also make clear which defendants are sued under which claims.

In regard to the civil rights claim, Plaintiff is advised that vague references to violations of his constitutional rights are insufficient to satisfy the requirements of Rule 8. To state a claim under 42 U.S.C. § 1983 for civil rights violations, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law, and (2) deprived him of a federal constitutional or statutory right.  *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989).  A plaintiff must also allege that he suffered a specific injury as a result of the conduct of a particular defendant and must allege an affirmative link between the injury and the conduct of that defendant.  *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).  To state a claim against a particular individual defendant under § 1983, a "plaintiff must allege facts, not simply conclusions, that show that [the] individual was personally involved in the deprivation of his civil rights."  *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).  For an

individual to be liable in his official capacity, a plaintiff must allege that the official acted as a result of a policy, practice, or custom. *See Cortez v. Cnty. of Los Angeles*, 294 F.3d 1186, 1188 (9th Cir. 2001).

**V.     Warning and Mailing Address.**

Plaintiff is warned that if he fails to file an amended complaint by December 22, 2014, the case will be dismissed. Plaintiff is further warned that if he fails to prosecute this action, or if he fails to comply with the rules or any court order, the action may be dismissed pursuant to Rule 41(b) of the Federal Rule of Civil Procedure. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

The Court mailed a copy of an order issued on September 8, 2014 (Doc. 6) to Plaintiff, but it has been returned as undeliverable. Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of Plaintiff's action.

**VI.    Motions for Judgment and a Court Date.**

Plaintiff has filed two motions for judgment and a court date. Docs. 9, 10. Because Plaintiff must file an amended complaint, the Court will deny Plaintiff's motions as moot. To the extent the motion at Doc. 10 seeks immediate relief from the Court, it is denied because it appears to address matters not at issue in this case and Plaintiff has not requested or shown he is entitled to preliminary injunctive relief.

**IT IS ORDERED:**

1.     The City's motion for a more definite statement (Doc. 4) is **granted**. Plaintiff shall file an amended complaint that follows the guidance in this order on or before **December 22, 2014**.

2.     The County Defendants' motion to dismiss (Doc. 5) is **granted**. The state law claims against the County Defendants and the § 1983 claims against MCSO are dismissed with prejudice.

3. Plaintiff's pending motions (Docs. 9, 10) are **denied as moot**.

4. The Rule 16 Case Management Conference set for December 16, 2014 at 4:30 p.m. is **vacated** and will be reset if Plaintiff files an amended complaint on or before **December 22, 2014**.

Dated this 18th day of November, 2014.

_____
David G. Campbell
United States District Judge