**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Corey Darnell Edwards,<br><br>  Plaintiff,<br><br>v.<br><br>Mesa Municipal Court, et al.,<br><br>  Defendants. | No. CV-14-01676-PHX-DGC<br><br>**ORDER** |

Plaintiff filed a pro se complaint against Defendants in Maricopa County Superior Court, and Defendants removed the case to this Court. Doc. 1  On July 31, 2014, Defendants Mesa Municipal Court and the Mesa Police Department ("Mesa Defendants") filed a motion for a more definite statement. Doc. 4.  On August 1, 2014, Defendant Maricopa County Sheriff's Office ("MCSO") filed a motion to dismiss. Doc. 5.

Plaintiff failed to respond to the motions within the time limit set by the rules of procedure. *See* LRCiv 7.2(c); Fed. R. Civ. P. 6(d).  The Court issued an order giving Plaintiff until September 29, 2014 to file responses. Doc. 6.  The Court warned Plaintiff that failure to comply with the order would result in the Court summarily granting the motions. Plaintiff filed a response to the Mesa Defendants' motion for more definite statement (Doc. 7), but he did not respond to MCSO's motion to dismiss. Plaintiff did file two "motions for judgment." Docs. 9, 10.

The Court entered an order on November 18, 2014, granting the Mesa Defendants' motion for a more definite statement, granting MCSO's motion to dismiss, denying

Plaintiff's motions for judgment, and ordering Plaintiff to file an amended complaint by December 22, 2014. Doc. 12. Plaintiff was warned "that if he fails to file an amended complaint by December 22, 2014, the case will be dismissed." *Id.* at 6. Plaintiff was also given guidance regarding the content of his amended complaint. *Id.* at 4-6.

Plaintiff has failed to comply with the Court's order. More than six weeks have passed since the Court's deadline, and no amended complaint has been filed. Plaintiff has filed another motion, apparently directed to MCSO, "for more Details." Doc. 14.

Before dismissing a case for failure to prosecute or failure to comply with an order, the Court must weigh five factors: (1) the public's interest in expeditious resolution of litigation, (2) the Court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995).

The first three factors favor dismissal. Plaintiff filed this suit more than six months ago. Doc. 1. He failed to respond to motions filed by Defendants, was ordered to respond by the Court, and yet still failed to respond to one of the motions. Plaintiff was ordered to file an amended complaint on or before December 22, 2014, and was warned that his case would be dismissed if he failed to do so. Doc. 12. Plaintiff has not complied. The Court cannot be in the business of repeatedly having to prompt a litigant to follow court orders or the local rules. Because the Court and the public have a strong interest in judicial efficiency and the prompt resolution of cases, Plaintiff's failure to prosecute weighs in favor of dismissal. His failure also risks prejudice to Defendants. They have been forced to incur expenses and defend themselves in this case, and are prejudiced by Plaintiff's failure to prosecute the case in a timely and efficient manner.

The fourth factor, as always, weighs against dismissal. As for the fifth factor, the Court concludes that a dismissal with prejudice would be unduly harsh for this pro se litigant. Dismissal without prejudice is an appropriate alternative sanction. Because Plaintiff has twice failed to comply with Court orders and has failed to file an amended

complaint after being directly warned that his case would be dismissed, the Court will dismiss this action without prejudice.

**IT IS ORDERED:**

1. This action is **dismissed** without prejudice.
2. The Clerk is directed enter judgment accordingly and terminate this action.

Dated this 28th day of January, 2015.

_____
David G. Campbell
United States District Judge